Law Offices of
GEORGE C. BOISSEAU
State Bar Number 75872
740 4th Street
Second Floor
Santa Rosa, California 95404
Phone: (707) 578-5636
Fax: (707) 578-1141
E-Mail: boisseaugc@msn.com

Attorney for Defendant
SHAREE MARTELL HALL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHAREE MARTELL HALL, ) <br> ) <br> Defendant. ) <br> ) | CR-11-0113-RS <br><br> DEFENDANT'S <br> SENTENCING MEMORANDUM <br> AND REQUEST FOR <br> <u>SENTENCING HEARING</u> <br><br> Date: May 22, 2012 <br> <u>Time: 11:00 a.m.</u> |

The defendant, SHAREE MARTELL HALL (HALL), by and through her counsel of record, George C. Boisseau, hereby submits her Sentencing Memorandum and hereby requests a sentencing hearing.

<u>INTRODUCTION</u>

On March 21, 2011 HALL was charged in a five-count Indictment charging three counts of wire fraud in violation of 18 U.S.C. §1343 (Counts One, Two and Three) and two counts of engaging in monetary transactions with criminally derived property in violation of 18 U.S.C. §1957 (Counts Four and Five).   On August 23, 20011 a five-count Superceding Indictment was filed charging the same violations.[1]

---

[1] Both the Indictment and Superceding Indictment includes forfeiture allegations pursuant (continued...)

1

DEFENDANT'S SENTENCING MEMORANDUM

The Indictment charged that "HALL engaged in a scheme to defraud ONE Foundation and HSBC Bank USA by misappropriating money that belonged to ONE Foundation for her own benefit." Further, the Indictment charged, as "manner and means" of the scheme, that HALL's personal bank accounts were linked electronically with the ONE Foundation's Bank of America account without permission; that after the links were established, money was electronically transferred between the accounts without ONE Foundation's permission; and that HALL then "used" the money fraudulently transferred from ONE Foundation's Bank of America account for her own purposes, including the purchase or more than $100,000 of cashier's checks. As alleged in the Indictment, for the purposes of executing the scheme to defraud, HALL caused to be transmitted an online transfer of $55,000 from Bank of America to HSBC on 1/2/09 (Count One), an online transfer of $97,600 from Bank of America to HSBC on 1/8/09 (Count Two) and an online transfer of $94,325 from Bank of America to HSBC on 1/20/09 (Count Three).

It was further alleged that HALL knowingly engaged in monetary transactions in criminally derived property, the proceeds of the wire fraud scheme to defraud. On 1/9/09 HALL purchased a $17,629.50 cashier's check from the San Francisco branch of HSBC Bank USA, made out to Vacaville Nissan (Count Four). On 1/21/09 HALL purchased a $102,500 cashier's check from the San Francisco branch of HSBC Bank USA made out to T.S.

Jury trial commenced on October 14, 2011. On October 25, 2011 HALL was convicted on one count of wire fraud (Count Three) and one count of engaging in a monetary transaction involving criminally derived property (Count Five). She was found not guilty of Counts One, Two and Four.

HALL's post-trial motion for judgment of acquittal and motion for new trial was denied by this Court.

---

[1](...continued)
to 18 U.S.C. §§981(a)(1)(C), and 28 U.S.C. §2461(c).

DEFENDANT'S SENTENCING MEMORANDUM

HALL objects to the guidelines calculation set out in the Pre-Sentence Report. She objects to the 14-level increase for a loss between $400,000 to $1,000,000. U.S.S.G. §2B1.1(b)(1)(H) (¶ 19.)[2] The loss attributable to HALL is no more than $196,825 (based upon the amount of the wire transfer on Count Three and the criminal derived property found by the jury on Count Five), resulting in only a 10-level increase for a loss between $120,000 and $200,000. U.S.S.G. §2B1.1(b)(1)(F).

HALL further objects to the 2-level obstruction of justice adjustment. U.S.S.G. §3C1.1. HALL did not testify falsely as to any material fact. She was, in fact, found not guilty of several of the charged offenses, based in part upon her trial testimony.

The resultant adjustment offense level should be 18, with a criminal history of VI. The guidelines range is therefore 57-71 months. As discussed below, HALL requests that this Court sentence her to the low-end of the guidelines, 57-months. This is a reasonable sentence and factors in the purposes of sentencing set out in 18 U.S.C. §3553(a).

I.

OBJECTIONS TO PRE-SENTENCE REPORT

1. <u>Behavior While in Custody (¶ 4, p. 3)</u>:

HALL objects to the recitation of disruptive incidents during her period of incarceration. This should not be considered by this Court for purposes of sentencing as it does not bear upon the offense conduct or her criminal history. It is, however, reflective of her unstable mental condition which this Court has considered in evaluating HALL's competency to stand trial.

2. <u>Offense Conduct (¶'s 7, 9 and 10, pp. 4-5)</u>:

HALL objects to the "offense conduct" contained in paragraphs 7, 9 and 10. In regards to the offense, there is insufficient proof that HALL was involved with 31 fraudulent

---

[2] As will be discussed, any loss determined by this Court must be based upon clear and convincing evidence.

3

DEFENDANT'S SENTENCING MEMORANDUM

online transfers in the total amount of $678,836.10. She was only convicted of one online transfer in the amount of $94,325 (Count Three) and money laundering of $102,500 (Count Five). While this Court has found sufficient evidence that she was involved in the scheme to defraud, there is insufficient evidence to establish that she was responsible for the entire scheme or that she knew of the entire scope of the scheme to defraud. HALL was, in fact acquitted of two previous online transfers made on 1/2/09 and 1/8/09 (Counts One and Two). The jury's verdict and question to the court during deliberations suggest that it had doubt as to when HALL joined the scheme and to what extent she participated in the scheme.

Also, HALL objects to the standard of proof set out in the Pre-Sentence Report which is to be employed by this Court in arriving at its loss calculation. Although a "preponderance of evidence" standard is ordinarily applied to establish facts used in sentencing, when the combined effect of contested enhancements would have "an extremely disproportionate effect on the sentence imposed," this Court should apply the higher "clear and convincing" standard of proof. See *United States v. Zolp*, 478 F.3d 715, 718 (9th Cir.2006); *United States v. Staten*, 466 F.3d 708, 718 (9th Cir.2006); *United States v. Riley*, 335 F.3d 919, 926-27 (9th Cir.2003); *United States v. Jordan*, 256 F.3d 922, 928 (9th Cir.2001). In identifying the appropriate standard of proof, the Ninth Circuit has distinguished between enhancements based upon charged conduct for which the defendant has been convicted, and enhancements based upon uncharged or acquitted conduct. See e.g., *Riley*, 335 F.3d at p. 926-27; *United States v. Harrison-Philpot*, 978 F.2d 1520, 1523 (9th Cir.1992). Circumstances considered include (1) whether the enhanced sentence falls within the maximum sentence for the crime alleged in the indictment; (2) whether the enhanced sentence negates the presumption of innocence or the prosecution's burden of proof for the crime alleged in the indictment; (3) whether the facts offered in support of the enhancement create new offenses requiring separate punishment; (4) whether the increase in sentence is based on the extent of a conspiracy; (5) whether an increase in the number of offense levels is less than or equal to four; and (6) whether the length of the enhanced sentence more than doubles the length of the sentence authorized by the initial

sentencing range in a case where the defendant would otherwise have received a relatively short sentence. *United States v. Jordan*, *supra*, 256 F.3d at 928.

The loss "enhancement" in this case has "an extremely disproportionate effect on the sentence imposed" and "seriously affects the fairness, integrity and public reputation of the judicial proceedings." A intended loss in an amount between $400,000 and $1,000,000 results in a 14-level increase in offense level, while a loss between $120,000 and $200,000 results in only an 10-level increase. See U.S.S.G. §§2B1.1(b)(1)(F), 2B1.1(b)(1)(H). The difference in offense level increase could result in a sentence increase of between 3-5 years.

This Court should apply the "clear and convincing" standard of proof to determine the intended loss attributable to HALL. Viewed under this standard, there is insufficient proof that HALL participated in the entire scheme or that the total loss attributable to her was $678,836.10. Rather, she be held responsible for an intended loss amount of $196,825 which reflects the conviction for money laundering in the amount of $102,500 (Count Five) and her participation in the scheme to defraud by causing a wire transfer in the amount $94,325 (Count Three). There is insufficient proof that she was involved in other conduct which would sustain a finding of a higher intended loss. The fact that she was acquitted of the other charged conduct substantiates this contention. Clearly, the finder of fact rejected the government's proof that HALL was responsible for all the wire transfers done during the course of the scheme to defraud.

HALL further objects to the determination that she testified falsely at trial and therefore must receive a two-level upward adjustment to the offense level. U.S.S.G. §3C1.1. HALL did not give false testimony concerning a material matter with the willful intent to provide false testimony. See *United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (defendant must give false testimony concerning a material fact with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory).

It is not enough that HALL chose to testify and was convicted. Imposing the enhancement without a judicial finding of perjury would unduly burden her Constitutional right to testify. *Dunnigan*, *supra*, 507 U.S. at p. 95; see also *United States v. Monzon*, 186 F.3d

1181, 1183 (9th Cir.1999) (district court did not make independent finding that the defendant had committed perjury).

In this case, the jury did not convict HALL of three of the five counts with which she was charged. That she was convicted of some counts does not make her testimony false. She did not willfully intent to provide false testimony and this Court should find that the falsity of some of her testimony is a result of confusion, mistake, or faulty memory. No doubt HALL's mental condition, documented in the Pre-Sentence Report, family history, and observations by this Court, contributed to the confused state of some of her testimony at trial. It was not willfully false.

  3. <u>Adjustment for Obstruction of Justice (¶ 12, p. 5)</u>:

As discussed above, HALL objects to this obstruction of justice enhancement.

  4. <u>Offense Level Computation (¶'s 14-28, pp. 6-7)</u>:

The defense objects to the imposition of a 14-level increase for an intended loss of $648,836.10. (¶19. p. 6). The intended loss should be $196,825, resulting in only a 10-level increase pursuant to U.S.S.G. §2B1.1(b)(1)(F). HALL also object to the two-level obstruction of justice increase. The total offense level should therefore be 16 with a criminal history of VI. The resulting guideline range should be 57-71 months.

  5. <u>Incidents While in Custody Serving Time for the Commercial Burglary Conviction on 3/11/03 (¶'s 39, p. 13)</u>:

HALL objects to the inclusion of the claimed misconduct at the Women's Correctional Center on April 19, 2003 and at Chowchilla State Prison on June 17, 2003. This information should not be considered by this Court at sentencing. It is inflammatory and prejudicial. Nor is there evidence that these allegations were proven.[3] More significantly,

---

[3] In *United States v. Weston* (9th Cir. 1971) 448 F.2d 626, the court considered the type of information on which a sentencing judge could rely. In *Weston*, the trial court sentenced the defendant to the maximum possible term based on a report of uncharged criminal conduct by the
(continued...)

however, is the fact that these incidents speak to HALL's mental illness and may well not have been volitional.

## II.

**THIS COURT SHOULD IMPOSE A SENTENCE OF 57-MONTHS BECAUSE IT IS A REASONABLE SENTENCE CONSIDERING THE FACTORS SET OUT IN 18 U.S.C. §3553(A).**

The factors set forth in 18 U.S.C. §3553(a) are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for–(A) the applicable category of offense committed by the applicable category of the defendant as set forth in the guidelines...;
> (5) any pertinent policy statement...issued by the Sentencing Commission...that is in effect on the date the defendant is sentenced.
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

Section 3553(a) clearly states that a court must impose a sentence that is "sufficient but not greater than necessary to comply with the purposes of sentencing. This requirement is often referred to as 'the parsimony provision," and the Supreme Court has referred to it as the "overarching instruction" of 18 U.S.C. §3553(a). See *Kimbrough v. United States*, 552 U.S. 85 (2007). Although the offender's conduct is part of the sentencing equation, it is not the totality of it, and the sentencing court must not focus on the offense at the expense of the individual

---

[3](...continued)
defendant (*Id.,* at 633.) The report was based on the opinion of a law enforcement agent, and an unsworn statement by another agent that information from an unidentified informant partially corroborated the charge. (*Ibid.*) The court found this information was lacking a proper factual basis. (*Ibid.*) Noting that false information could not be considered at sentencing, the court held that information of the type at issue was, likewise, insufficiently reliable to be considered at sentencing. (*Id.*, at 634.) It would be a "great miscarriage of justice" to require the defendant to disprove the allegation. (*Ibid.*)

DEFENDANT'S SENTENCING MEMORANDUM

offender. While the Guidelines are to be respectfully considered, they are one factor among the §3553(a) factors that are to be taken into account in arriving at an appropriate sentence. *United States v. Carty*, 520 F.3d 984, 992 (9th Cir.2008); *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005)(*en banc*). The sentence must be long enough to reflect the seriousness of the offense, provide for just punishment and promote respect for the law. Further, it should afford adequate deterrence to criminal conduct in general and protect the public. It must be "sufficient but not greater than necessary" to reflect societal concerns and individual considerations. In short, the public does not gain by warehousing offenders who can lead productive lives outside of prison.

As stated by the Supreme Court in Gall, 552 U.S. at 50 n. 6:

> Section 3553(a) lists seven factors that a sentencing court must consider. The first factor is a broad command to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). The second factor requires the consideration of the general purposes of sentencing including: "the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." §3553(a)(2). The third factor pertains to the "kinds of sentences available, §3553(a)(3); the fourth to the Sentencing Guidelines; the fifth to any relevant policy statement issued by the Sentencing Commission; the sixth to "the need to avoid unwarranted sentence disparities," §3553(a)(6); and the seventh to "the need to provide restitution to nay victim," §3553(a)(7). Preceding this list is a general directive to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing described in the second factor. §3553(a).

## EVALUATION

A 57-month custodial sentence will be "sufficient but not greater than necessary" to reflect societal concerns and HALL's individual considerations. Apart from societal concerns, a 57-month sentence allows for HALL's rehabilitation. She will participate and complete the residential drug abuse treatment program offered by the Bureau of Prisons. She will also participate in job training and educational programs while in custody. This sentence will also allow her to participate in mental health counseling to allow for her reintegration into society. It also reflects her personal history–a difficult childhood, raised by her grandmother because

her mother was mental ill and institutionalized and abandoned by her father.  HALL had no family support which she was growing up and did not have any real guidance.  Without education and meaningful job skills, no wonder HALL has compiled this lengthy criminal history.  Nevertheless, despite her own mental health issues, HALL is not a "lost cause" who needs lengthy incarceration to protect the public.  With the proper counseling, and job training, HALL can be a productive member of society.

The recommended sentence is far longer than any previous sentence imposed upon HALL.  A sentence in excess of 57-months is no more than unnecessary "warehousing."  It serves no rehabilitative purpose and is not needed to show HALL how wrong her conduct was.

## RECOMMENDATION

HALL respectfully requests that this Court impose a custody sentence of 57-months and recommend to the Bureau of Prisons that she be housed in California at the Dublin Federal Correctional Institute or Federal Prison Camp.

## CONCLUSION

For the foregoing reasons, HALL respectfully requests that this Court impose a of sentence of 57-months.  This sentence is reasonable within the meaning of Gall v. United States, 552 U.S. 38 (2007) and consistent with the factors set out in 18 U.S.C. §3553(a).  It is respectfully requested that this Court recommend that HALL be designated to the Federal Correctional Institute (FCI) or Prison Camp (low security facility) at Dublin, California.

Dated: May 15, 2012

                                          Respectfully submitted,

                                          /s/
                                        GEORGE C. BOISSEAU

                                        Attorney for Defendant
                                        SHAREE MARTELL HALL

DEFENDANT'S SENTENCING MEMORANDUM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing <u>SENTENCING MEMORANDUM</u> was served this date to the following parties and attorneys for parties by e-filing and mailing a copy to:

> Tracie Brown
> Assistant U.S. Attorney
> United States Attorney's Office
> Northern District of California
> 11th Floor Federal Building
> 450 Golden Gate Avenue
> San Francisco, California 94102
> Fax: (415) 436-7234

I caused the following additional parties to be personally served by mailing a copy to:

> Sara Rizor Black
> United States Probation Officer
> United States Probation Department
> 17th Floor Federal Building
> 450 Golden Gate Avenue
> San Francisco, California 94102
> Fax: (415) 436-7572

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of May, 2012, in Santa Rosa, California.

                                        /s/
                                GEORGE C. BOISSEAU

DEFENDANT'S SENTENCING MEMORANDUM